UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------
BRYAN ANDRES REINOSO SAQUICILI,

Plaintiff,

-against-

DEUNA HOLDINGS LLC, XLIX BUILDERS LLC, XLIX CONSTRUCTION LLC and 1694 MILLSTONE LLC,

Defendants.
--------------------------------------------

CASE NO.

**COMPLAINT AND JURY DEMAND**

Plaintiff, by and through his attorneys, RONAI & RONAI, L.L.P., as and for his Complaint, respectfully alleges, upon information and belief:

## I. NATURE OF THE CASE

1. This is an action for personal injuries, pain and suffering sustained by plaintiff as a result of the negligence of defendants, as well as violations of New York Labor Law, on January 6, 2025, in the County of Suffolk, State of New York.

## II. JURISDICTION AND VENUE

2. Jurisdiction is predicated upon 28 U.S.C. §1332 (a)(2) as plaintiff is a citizen of another country and has not yet been granted the privilege of remaining permanently in the United States.

3. The amount in controversy herein exceeds $75,000.00, exclusive of costs.

4. Venue lies in the Southern District of New York in that all defendants reside in New York State and one or more of the defendants reside within the Southern District of New York.

## III. THE PARTIES

5. At all times herein mentioned, plaintiff BRYAN ANDRES REINOSO SAQUICILI was and still is a citizen of Ecuador.

6. The defendant DEUNA HOLDINGS LLC, at all times herein mentioned, was and still is a limited liability company organized and existing under the laws of the State of Delaware.

7. At all times herein mentioned, Hezi Mena was and still is a member of defendant DEUNA HOLDINGS LLC.

8. At all times herein mentioned, Stefano Braganti was and still is a member of defendant DEUNA HOLDINGS LLC.

9. The defendant XLIX BUILDERS LLC, at all times herein mentioned, was and still is a limited liability company organized and existing under the laws of the State of New York.

10. At all times herein mentioned, Hezi Mena was and still is a member of defendant XLIX BUILDERS LLC.

11. At all times herein mentioned, Stefano Braganti was and still is a member of defendant XLIX BUILDERS LLC.

12. The defendant XLIX CONSTRUCTION LLC, at all times herein mentioned, was and still is a limited liability company organized and existing under the laws of the State of New York.

13. At all times herein mentioned, Hezi Mena was and still is a member of defendant XLIX CONSTRUCTION LLC.

14. At all times herein mentioned, Stefano Braganti was and still is a member of defendant XLIX CONSTRUCTION LLC.

15. The defendant 1694 MILLSTONE LLC, at all times herein mentioned, was and still is a limited liability company organized and existing under the laws of the State of New York.

16. At all times herein mentioned, Hezi Mena was and still is a member of defendant 1694 MILLSTONE LLC.

17. At all times herein mentioned, Stefano Braganti was and still is a member of defendant 1694 MILLSTONE LLC.

18. At all times herein mentioned, Hezi Mena was and still is a citizen of the County of New York, State of New York.

19. At all times herein mentioned, Stefano Braganti was and still is a citizen of the County of New York, State of New York.

## IV. FACTUAL ALLEGATIONS

20. On January 6, 2025, plaintiff BRYAN ANDRES REINOSO SAQUICILI was performing certain construction work at the premises located at 1694 Millstone Road, Sag Harbor, NY 11963 [hereinafter referred to as the "Subject Premises"] as a worker/laborer within the contemplation of New York State Labor Law 200 et. seq., and is a person for whom the statutory rights and protection of those sections apply.

21. On January 6, 2025, plaintiff BRYAN ANDRES REINOSO SAQUICILI was employed by DDC Builders LLC.

22. At all times mentioned, the subject premises was owned by defendant 1694 MILLSTONE LLC.

23. At all times mentioned, the subject premises was leased by defendant 1694 MILLSTONE LLC.

24. At all times mentioned, the subject premises was operated by defendant 1694 MILLSTONE LLC.

25. At all times mentioned, the subject premises was controlled by defendant 1694 MILLSTONE LLC.

26. At all times mentioned, the subject premises was maintained by defendant 1694 MILLSTONE LLC.

27. At all times mentioned, the subject premises was managed by defendant 1694 MILLSTONE LLC.

28. At all times mentioned, the subject premises was supervised by defendant 1694 MILLSTONE LLC.

29. At all times mentioned, the subject premises was owned by defendant DEUNA HOLDINGS LLC.

30. At all times mentioned, the subject premises was leased by defendant DEUNA HOLDINGS LLC.

31. At all times mentioned, the subject premises was operated by defendant DEUNA HOLDINGS LLC.

32. At all times mentioned, the subject premises was controlled by defendant DEUNA HOLDINGS LLC.

33. At all times mentioned, the subject premises was maintained by defendant DEUNA HOLDINGS LLC.

34. At all times mentioned, the subject premises was managed by defendant DEUNA HOLDINGS LLC.

35. At all times mentioned, the subject premises was supervised by defendant DEUNA HOLDINGS LLC.

36. At all times mentioned, the subject premises was owned by defendant XLIX BUILDERS LLC.

37. At all times mentioned, the subject premises was leased by defendant XLIX BUILDERS LLC.

38. At all times mentioned, the subject premises was operated by defendant XLIX BUILDERS LLC.

39. At all times mentioned, the subject premises was controlled by defendant XLIX BUILDERS LLC.

40. At all times mentioned, the subject premises was maintained by defendant XLIX BUILDERS LLC.

41. At all times mentioned, the subject premises was managed by defendant XLIX BUILDERS LLC.

42. At all times mentioned, the subject premises was supervised by defendant XLIX BUILDERS LLC.

43. At all times mentioned, the subject premises was owned by defendant XLIX CONSTRUCTION LLC.

44. At all times mentioned, the subject premises was leased by defendant XLIX CONSTRUCTION LLC.

45. At all times mentioned, the subject premises was operated by defendant XLIX CONSTRUCTION LLC.

46. At all times mentioned, the subject premises was controlled by defendant XLIX CONSTRUCTION LLC.

47. At all times mentioned, the subject premises was maintained by defendant XLIX CONSTRUCTION LLC

48. At all times mentioned, the subject premises was managed by defendant XLIX CONSTRUCTION LLC.

49. At all times mentioned, the subject premises was supervised by defendant XLIX CONSTRUCTION LLC.

50. That at some point prior to January 6, 2025, defendant 1694 MILLSTONE LLC entered into an agreement with defendant DEUNA HOLDINGS LLC, wherein and whereby it was agreed, among other things, that defendant DEUNA HOLDINGS LLC would perform construction work and provide labor services at the subject premises.

51. That on January 6, 2025, defendant DEUNA HOLDINGS LLC was the general contractor working at the subject premises for defendant 1694 MILLSTONE LLC.

52. Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

53. Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

54. That the aforesaid construction at the subject premises constituted an alteration, improvement, renovation and/or significant improvement of said premises.

55. That at some point prior to January 6, 2025, defendant 1694 MILLSTONE LLC entered into an agreement with defendant XLIX BUILDERS LLC, wherein and whereby it was

agreed, among other things, that defendant XLIX BUILDERS LLC would perform construction work and provide labor services at the subject premises.

56. That on January 6, 2025, defendant XLIX BUILDERS LLC was the general contractor working at the subject premises for defendant 1694 MILLSTONE LLC.

57. Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

58. Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

59. That the aforesaid construction at the subject premises constituted an alteration, improvement, renovation and/or significant improvement of said premises.

60. That at some point prior to January 6, 2025, defendant 1694 MILLSTONE LLC entered into an agreement with defendant XLIX CONSTRUCTION LLC, wherein and whereby it was agreed, among other things, that defendant XLIX CONSTRUCTION LLC would perform construction work and provide labor services at the subject premises.

61. That on January 6, 2025, defendant XLIX CONSTRUCTION LLC was the general contractor working at the subject premises for defendant 1694 MILLSTONE LLC.

62. Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

63. Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

64. That the aforesaid construction at the subject premises constituted an alteration, improvement, renovation and/or significant improvement of said premises.

65. That at some point prior to January 6, 2025, defendant 1694 MILLSTONE LLC entered into an agreement with DDC Builders LLC, wherein and whereby it was agreed, among other things, that DDC Builders LLC would perform construction work and provide labor services at the subject premises.

66. That on January 6, 2025, DDC Builders LLC was the subcontractor working at the subject premises for defendant 1694 MILLSTONE LLC.

67. Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

68. Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

69. That the aforesaid construction at the subject premises constituted an alteration, improvement, renovation and/or significant improvement of said premises.

70. That at some point prior to January 6, 2025, defendant DEUNA HOLDINGS LLC, entered into an agreement with defendant XLIX BUILDERS LLC, wherein and whereby it was agreed, among other things, that defendant XLIX BUILDERS LLC would perform construction work and provide labor services at the subject premises.

71. That on January 6, 2025, defendant XLIX BUILDERS LLC was the general contractor working at the subject premises for defendant DEUNA HOLDINGS LLC.

72. Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

73. Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

74. That the aforesaid construction at the subject premises constituted an alteration, improvement, renovation and/or significant improvement of said premises.

75. That at some point prior to January 6, 2025, defendant DEUNA HOLDINGS LLC, entered into an agreement with defendant XLIX CONSTRUCTION LLC, wherein and whereby it was agreed, among other things, that defendant XLIX CONSTRUCTION LLC would perform construction work and provide labor services at the subject premises.

76. That on January 6, 2025, defendant XLIX CONSTRUCTION LLC was the general contractor working at the subject premises for defendant DEUNA HOLDINGS LLC.

77. Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

78. Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

79. That the aforesaid construction at the subject premises constituted an alteration, improvement, renovation and/or significant improvement of said premises.

80. That at some point prior to January 6, 2025, defendant DEUNA HOLDINGS LLC entered into an agreement with DDC Builders LLC, wherein and whereby it was agreed, among other things, that DDC Builders LLC would perform construction work and provide labor services at the subject premises.

81. That on January 6, 2025, DDC Builders LLC was the subcontractor working at the subject premises for defendant DEUNA HOLDINGS LLC.

82. Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

83. Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

84. That the aforesaid construction at the subject premises constituted an alteration, improvement, renovation and/or significant improvement of said premises.

85. That at some point prior to January 6, 2025, defendant XLIX BUILDERS LLC, entered into an agreement with defendant DEUNA HOLDINGS LLC, wherein and whereby it was agreed, among other things, that defendant DEUNA HOLDINGS LLC would perform construction work and provide labor services at the subject premises.

86. That on January 6, 2025, defendant DEUNA HOLDINGS LLC was the subcontractor working at the subject premises for defendant XLIX BUILDERS LLC.

87. Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

88. Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

89. That the aforesaid construction at the subject premises constituted an alteration, improvement, renovation and/or significant improvement of said premises.

90. That at some point prior to January 6, 2025, defendant XLIX BUILDERS LLC entered into an agreement with defendant XLIX CONSTRUCTION LLC, wherein and whereby it was agreed, among other things, that defendant XLIX CONSTRUCTION LLC would perform construction work and provide labor services at the subject premises.

91. That on January 6, 2025, defendant XLIX CONSTRUCTION LLC was the subcontractor working at the subject premises for defendant XLIX BUILDERS LLC.

92. Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

93. Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

94. That the aforesaid construction at the subject premises constituted an alteration, improvement, renovation and/or significant improvement of said premises.

95. That at some point prior to January 6, 2025, defendant XLIX BUILDERS LLC entered into an agreement with DDC Builders LLC, wherein and whereby it was agreed, among other things, that DDC Builders LLC would perform construction work and provide labor services at the subject premises.

96. That on January 6, 2025, DDC Builders LLC was the subcontractor working at the subject premises for defendant XLIX BUILDERS LLC.

97. Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

98. Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

99. That the aforesaid construction at the subject premises constituted an alteration, improvement, renovation and/or significant improvement of said premises.

100. That at some point prior to January 6, 2025, defendant XLIX CONSTRUCTION LLC entered into an agreement with defendant DEUNA HOLDINGS LLC, wherein and whereby it was agreed, among other things, that defendant DEUNA HOLDINGS LLC would perform construction work and provide labor services at the subject premises.

101. That on January 6, 2025, defendant DEUNA HOLDINGS LLC was the subcontractor working at the subject premises for defendant XLIX CONSTRUCTION LLC.

102. Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

103. Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

104. That the aforesaid construction at the subject premises constituted an alteration, improvement, renovation and/or significant improvement of said premises.

105. That at some point prior to January 6, 2025, defendant XLIX CONSTRUCTION LLC, entered into an agreement with defendant XLIX BUILDERS LLC, wherein and whereby it was agreed, among other things, that defendant XLIX BUILDERS LLC would perform construction work and provide labor services at the subject premises.

106. That on January 6, 2025, defendant XLIX BUILDERS LLC was the subcontractor working at the subject premises for defendant XLIX CONSTRUCTION LLC.

107. Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

108. Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

109. That the aforesaid construction at the subject premises constituted an alteration, improvement, renovation and/or significant improvement of said premises.

110. That at some point prior to January 6, 2025, defendant XLIX CONSTRUCTION LLC entered into an agreement with DDC Builders LLC, wherein and whereby it was agreed,

among other things, that DDC Builders LLC would perform construction work and provide labor services at the subject premises.

111. That on January 6, 2025, DDC Builders LLC was the subcontractor working at the subject premises for defendant XLIX CONSTRUCTION LLC.

112. Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

113. Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

114. That the aforesaid construction at the subject premises constituted an alteration, improvement, renovation and/or significant improvement of said premises.

115. That thereafter, and on or about January 6, 2025, defendant DEUNA HOLDINGS LLC was actually engaged in performing construction work and labor services at the subject premises, which was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant 1694 MILLSTONE LLC.

116. That thereafter, and on or about January 6, 2025, defendant XLIX BUILDERS LLC was actually engaged in performing construction work and labor services at the subject premises, which was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant 1694 MILLSTONE LLC.

117. That thereafter, and on or about January 6, 2025, defendant XLIX CONSTRUCTION LLC was actually engaged in performing construction work and labor services at the subject premises, which was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant 1694 MILLSTONE LLC.

118. That thereafter, and on or about January 6, 2025, DDC Builders of NY LLC. was actually engaged in performing construction work and labor services at the subject premises, which was operated, controlled, maintained, managed and/or supervised by defendant 1694 MILLSTONE LLC.

119. That thereafter, and on or about January 6, 2025, defendant XLIX BUILDERS LLC was actually engaged in performing construction work and labor services at the subject premises, which was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant DEUNA HOLDINGS LLC.

120. That thereafter, and on or about January 6, 2025, defendant XLIX CONSTRUCTION LLC was actually engaged in performing construction work and labor services at the subject premises, which was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant DEUNA HOLDINGS LLC.

121. That thereafter, and on or about January 6, 2025, DDC Builders of NY LLC. was actually engaged in performing construction work and labor services at the subject premises, which was operated, controlled, maintained, managed and/or supervised by defendant DEUNA HOLDINGS LLC.

122. That thereafter, and on or about January 6, 2025, defendant DEUNA HOLDINGS LLC was actually engaged in performing construction work and labor services at the subject premises, which was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant XLIX BUILDERS LLC.

123. That thereafter, and on or about January 6, 2025, defendant XLIX CONSTRUCTION LLC was actually engaged in performing construction work and labor services

at the subject premises, which was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant XLIX BUILDERS LLC.

124. That thereafter, and on or about January 6, 2025, DDC Builders of NY LLC. was actually engaged in performing construction work and labor services at the subject premises, which was operated, controlled, maintained, managed and/or supervised by defendant XLIX BUILDERS LLC.

125. That thereafter, and on or about January 6, 2025, defendant DEUNA HOLDINGS LLC was actually engaged in performing construction work and labor services at the subject premises, which was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant XLIX CONSTRUCTION LLC.

126. That thereafter, and on or about January 6, 2025, defendant XLIX BUILDERS LLC was actually engaged in performing construction work and labor services at the subject premises, which was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant XLIX CONSTRUCTION LLC.

127. That thereafter, and on or about January 6, 2025, DDC Builders of NY LLC. was actually engaged in performing construction work and labor services at the subject premises, which was operated, controlled, maintained, managed and/or supervised by defendant XLIX CONSTRUCTION LLC.

128. That at all times herein mentioned, and or about January 6, 2025, plaintiff BRYAN ANDRES REINOSO SAQUICILI was actually engaged in the course of employment as a construction laborer by DDC Builders of NY LLC, which said contractor was engaged by defendant 1694 MILLSTONE LLC and plaintiff was actually performing certain construction work, labor and services at the subject premises owned, leased, operated, controlled, maintained,

managed and/or supervised by defendant 1694 MILLSTONE LLC, which constituted an alteration, improvement, renovation and/or significant improvement of the subject premises.

129. That at all times herein mentioned, and or about January 6, 2025, plaintiff BRYAN ANDRES REINOSO SAQUICILI was actually engaged in the course of employment as a construction laborer by DDC Builders of NY LLC., which said contractor was engaged by defendant DEUNA HOLDINGS LLC and plaintiff was actually performing certain construction work, labor and services at the subject premises owned, leased, operated, controlled, maintained, managed and/or supervised by defendant DEUNA HOLDINGS LLC, which constituted an alteration, improvement, renovation and/or significant improvement of the subject premises.

130. That at all times herein mentioned, and or about January 6, 2025, plaintiff BRYAN ANDRES REINOSO SAQUICILI was actually engaged in the course of employment as a construction laborer by DDC Builders of NY LLC., which said contractor was engaged by defendant XLIX BUILDERS LLC and plaintiff was actually performing certain construction work, labor and services at the subject premises owned, leased, operated, controlled, maintained, managed and/or supervised by defendant XLIX BUILDERS LLC, which constituted an alteration, improvement, renovation and/or significant improvement of the subject premises.

131. That at all times herein mentioned, and or about January 6, 2025, plaintiff BRYAN ANDRES REINOSO SAQUICILI was actually engaged in the course of employment as a construction laborer by DDC Builders of NY LLC., which said contractor was engaged by defendant XLIX CONSTRUCTION LLC and plaintiff was actually performing certain construction work, labor and services at the subject premises owned, leased, operated, controlled, maintained, managed and/or supervised by defendant XLIX CONSTRUCTION LLC, which

constituted an alteration, improvement, renovation and/or significant improvement of the subject premises.

132. That on or about January 6, 2025, and while plaintiff BRYAN ANDRES REINOSO SAQUICILI was lawfully engaged upon said premises in performing certain construction work, labor and services in the course of his employment with his employer DDC Builders of NY LLC, plaintiff was caused, allowed and permitted to fall from an elevated height and thereby was caused to sustain gravity related injuries and was caused to sustain grievous personal injuries.

133. That at all times herein mentioned, and on or about January 6, 2025, defendant 1694 MILLSTONE LLC, its agents, servants and/or employees reserved onto itself a duty of general supervision, direction and control of the work being performed at the subject premises by DDC Builders of NY LLC, plaintiff's employer.

134. That at all times herein mentioned, and on or about January 6, 2025, defendant 1694 MILLSTONE LLC, its agents, servants and/or employees breached their duty of general supervision, direction and control of the work being performed at the subject premises by DDC Builders of NY LLC, plaintiff's employer.

135. That at all times herein mentioned, and on or about January 6, 2025, defendant DEUNA HOLDINGS LLC, its agents, servants and/or employees reserved onto itself a duty of general supervision, direction and control of the work being performed at the subject premises by DDC Builders of NY LLC, plaintiff's employer.

136. That at all times herein mentioned, and on or about January 6, 2025, defendant DEUNA HOLDINGS LLC, its agents, servants and/or employees breached their duty of general supervision, direction and control of the work being performed at the subject premises by DDC Builders of NY LLC, plaintiff's employer.

137. That at all times herein mentioned, and on or about January 6, 2025, defendant XLIX BUILDERS LLC, its agents, servants and/or employees reserved onto itself a duty of general supervision, direction and control of the work being performed at the subject premises by DDC Builders of NY LLC, plaintiff's employer.

138. That at all times herein mentioned, and on or about January 6, 2025, defendant XLIX BUILDERS LLC, its agents, servants and/or employees breached their duty of general supervision, direction and control of the work being performed at the subject premises by DDC Builders of NY LLC, plaintiff's employer.

139. That at all times herein mentioned, and on or about January 6, 2025, defendant XLIX CONSTRUCTION LLC, its agents, servants and/or employees reserved onto itself a duty of general supervision, direction and control of the work being performed at the subject premises by DDC Builders of NY LLC, plaintiff's employer.

140. That at all times herein mentioned, and on or about January 6, 2025, defendant XLIX CONSTRUCTION LLC, its agents, servants and/or employees breached their duty of general supervision, direction and control of the work being performed at the subject premises by DDC Builders of NY LLC, plaintiff's employer.

141. Defendant 1694 MILLSTONE LLC breached its statutory duty to plaintiff by failing to furnish, erect, supply, provide and make available to plaintiff BRYAN ANDRES REINOSO SAQUICILI, ladders, scaffolds, nets, ropes or other devices so constructed, placed and operated as to afford him proper protection for the performance of his work as aforesaid and to otherwise fulfill its statutory obligations.

142. Defendant 1694 MILLSTONE LLC breached its statutory duty to plaintiff by failing to use reasonable care in constructing, securing, shoring, equipping, or guarding the

worksite or in arranging, operating, or conduction the work in the area of the worksite so as to provide reasonable and adequate protection and safety to the persons employed therein, and to otherwise fulfill its statutory obligations.

143. Defendant 1694 MILLSTONE LLC breached its statutory duty to the plaintiff by allowing the workmen, and in particular the plaintiff herein, to work in a defectively constructed premise and location.

144. Defendant 1694 MILLSTONE LLC breached its statutory duty to the plaintiff by allowing the workmen, and in particular the plaintiff herein, to be in a defectively constructed premise and location.

145. Defendant 1694 MILLSTONE LLC breached its statutory duty to the plaintiff by failing to provide the plaintiff with the protection to which plaintiff was entitled within the meaning, definition and coverage of the New York State Labor Law aforesaid and which failure to provide the plaintiff said protection was the proximate cause of the happening of the occurrence complained of and the injuries sustained by the plaintiff.

146. Defendant 1694 MILLSTONE LLC owed plaintiff an absolute non-delegable duty and for the breach of which they are liable to the plaintiff.

147. Defendant DEUNA HOLDINGS LLC breached its statutory duty to plaintiff by failing to furnish, erect, supply, provide and make available to plaintiff BRYAN ANDRES REINOSO SAQUICILI, ladders, scaffolds, nets, ropes or other devices so constructed, placed and operated as to afford him proper protection for the performance of his work as aforesaid and to otherwise fulfill its statutory obligations.

148. Defendant DEUNA HOLDINGS LLC breached its statutory duty to plaintiff by failing to use reasonable care in constructing, securing, shoring, equipping, or guarding the

worksite or in arranging, operating, or conduction the work in the area of the worksite so as to provide reasonable and adequate protection and safety to the persons employed therein, and to otherwise fulfill its statutory obligations.

149. Defendant DEUNA HOLDINGS LLC breached its statutory duty to the plaintiff by allowing the workmen, and in particular the plaintiff herein, to work in a defectively constructed premise and location.

150. Defendant DEUNA HOLDINGS LLC breached its statutory duty to the plaintiff by allowing the workmen, and in particular the plaintiff herein, to be in a defectively constructed premise and location.

151. Defendant DEUNA HOLDINGS LLC breached its statutory duty to the plaintiff by failing to provide the plaintiff with the protection to which plaintiff was entitled within the meaning, definition and coverage of the New York State Labor Law aforesaid and which failure to provide the plaintiff said protection was the proximate cause of the happening of the occurrence complained of and the injuries sustained by the plaintiff.

152. Defendant DEUNA HOLDINGS LLC owed plaintiff an absolute non-delegable duty and for the breach of which they are liable to the plaintiff.

153. Defendant XLIX BUILDERS LLC breached its statutory duty to plaintiff by failing to furnish, erect, supply, provide and make available to plaintiff BRYAN ANDRES REINOSO SAQUICILI, ladders, scaffolds, nets, ropes or other devices so constructed, placed and operated as to afford him proper protection for the performance of his work as aforesaid and to otherwise fulfill its statutory obligations.

154. Defendant XLIX BUILDERS LLC breached its statutory duty to plaintiff by failing to use reasonable care in constructing, securing, shoring, equipping, or guarding the worksite or in

arranging, operating, or conduction the work in the area of the worksite so as to provide reasonable and adequate protection and safety to the persons employed therein, and to otherwise fulfill its statutory obligations.

155. Defendant XLIX BUILDERS LLC breached its statutory duty to the plaintiff by allowing the workmen, and in particular the plaintiff herein, to work in a defectively constructed premise and location.

156. Defendant XLIX BUILDERS LLC breached its statutory duty to the plaintiff by allowing the workmen, and in particular the plaintiff herein, to be in a defectively constructed premise and location.

157. Defendant XLIX BUILDERS LLC breached its statutory duty to the plaintiff by failing to provide the plaintiff with the protection to which plaintiff was entitled within the meaning, definition and coverage of the New York State Labor Law aforesaid and which failure to provide the plaintiff said protection was the proximate cause of the happening of the occurrence complained of and the injuries sustained by the plaintiff.

158. Defendant XLIX BUILDERS LLC owed plaintiff an absolute non-delegable duty and for the breach of which they are liable to the plaintiff.

159. Defendant XLIX CONSTRUCTION LLC breached its statutory duty to plaintiff by failing to furnish, erect, supply, provide and make available to plaintiff BRYAN ANDRES REINOSO SAQUICILI, ladders, scaffolds, nets, ropes or other devices so constructed, placed and operated as to afford him proper protection for the performance of his work as aforesaid and to otherwise fulfill its statutory obligations.

160. Defendant XLIX CONSTRUCTION LLC breached its statutory duty to plaintiff by failing to use reasonable care in constructing, securing, shoring, equipping, or guarding the

worksite or in arranging, operating, or conduction the work in the area of the worksite so as to provide reasonable and adequate protection and safety to the persons employed therein, and to otherwise fulfill its statutory obligations.

161. Defendant XLIX CONSTRUCTION LLC breached its statutory duty to the plaintiff by allowing the workmen, and in particular the plaintiff herein, to work in a defectively constructed premise and location.

162. Defendant XLIX CONSTRUCTION LLC breached its statutory duty to the plaintiff by allowing the workmen, and in particular the plaintiff herein, to be in a defectively constructed premise and location.

163. Defendant XLIX CONSTRUCTION LLC breached its statutory duty to the plaintiff by failing to provide the plaintiff with the protection to which plaintiff was entitled within the meaning, definition and coverage of the New York State Labor Law aforesaid and which failure to provide the plaintiff said protection was the proximate cause of the happening of the occurrence complained of and the injuries sustained by the plaintiff.

164. Defendant XLIX CONSTRUCTION LLC owed plaintiff an absolute non-delegable duty and for the breach of which they are liable to the plaintiff.

165. That on or about January 6, 2025, while working at the subject premises, plaintiff BRYAN ANDRES REINOSO SAQUICILI was caused to fall from an elevated height.

166. By reason of the foregoing, plaintiff BRYAN ANDRES REINOSO SAQUICILI was severely injured and damaged, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are believed to be permanent in nature and duration, and plaintiff will permanently cause to suffer pain, inconvenience and other effects of such injuries plaintiff incurred and in the future will necessarily incur further hospital and/or

medical expenses in an effort to be cured of said injuries, and plaintiff BRYAN ANDRES REINOSO SAQUICILI will be unable to pursue plaintiff's usual duties with the same degree of efficiency as prior this accident, all to plaintiff's great damage.

## V. FIRST CAUSE OF ACTION

167. The allegations of the preceding paragraphs are repeated here as if fully stated.

168. Plaintiff BRYAN ANDRES REINOSO SAQUICILI was injured due to defendants' negligence, carelessness and recklessness as stated herein.

169. Plaintiff BRYAN ANDRES REINOSO SAQUICILI has thereby been damaged in the amount of TEN MILLION ($10,000,000.00) Dollars.

## VI. SECOND CAUSE OF ACTION

170. The allegations of the preceding paragraphs are repeated here as if fully stated.

171. On January 6, 2025, plaintiff BRYAN ANDRES REINOSO SAQUICILI was a worker/laborer within the contemplation of Labor Law Sections 200 et. seq., and is a person for whom the statutory rights and protections of those sections apply.

172. The work contracted for by the defendant 1694 MILLSTONE LLC involved construction, excavation, and demolition work upon said premises, within the contemplation of Labor law Section 200 et seq.

173. The work contracted for by the defendant DEUNA HOLDINGS LLC involved construction, excavation, and demolition work upon said premises, within the contemplation of Labor law Section 200 et seq.

174. The work contracted for by the defendant XLIX BUILDERS LLC involved construction, excavation, and demolition work upon said premises, within the contemplation of Labor law Section 200 et seq.

175. The work contracted for by the defendant XLIX CONSTRUCTION LLC involved construction, excavation, and demolition work upon said premises, within the contemplation of Labor law Section 200 et seq.

176. Plaintiff BRYAN ANDRES REINOSO SAQUICILI was injured due to violations of New York Labor Law Sections 200, 240(1), and/or 241(6).

177. Plaintiff BRYAN ANDRES REINOSO SAQUICILI was injured due to defendants' violation of one or more sections of 12 NYCRR Part 23, the Industrial Code.

178. Plaintiff BRYAN ANDRES REINOSO SAQUICILI has thereby been damaged in the amount of TEN MILLION ($10,000,000.00) Dollars.

## VII. DEMAND FOR TRIAL

179. Plaintiff demands a trial by jury for this action.

**WHEREFORE,** the plaintiff demands judgment against defendants for the first cause of action in the amount of TEN MILLION ($10,000,000.00) DOLLARS and for the second cause of action in the amount of TEN MILLION ($10,000,000.00) DOLLARS, and for such other relief as this Court deems just and proper.

Dated: Port Chester, New York
July 1, 2026

**By: Holly Ostrov Ronai (HO-3923)**
**RONAI & RONAI, L.L.P.**

Attorneys for Plaintiff
*The Ronai Building*
34 Adee Street
Port Chester, New York 10573
(914) 824-4777

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK CASE NO.

BRYAN ANDRES REINOSO SAQUICILI,

Plaintiff,

-against-

DEUNA HOLDINGS LLC, XLIX BUILDERS LLC, XLIX CONSTRUCTION LLC and 1694 MILLSTONE LLC,

Defendants.

**COMPLAINT AND JURY DEMAND**

**RONAI & RONAI, L.L.P.**
Attorneys for Plaintiff
*The Ronai Building*
34 Adee Street
Port Chester, New York 10573
914-824-4777