UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRYAN ANDRES REINOSO SAQUICILI,

Plaintiff,

-against-

DEUNA HOLDINGS LLC *et al*.,

Defendants.

26-CV-5655 (VSB)

**ORDER**

VERNON S. BRODERICK, United States District Judge:

I have reviewed Plaintiff's complaint, filed on July 2, 2026. (Doc. 1 ("Compl.").) In the complaint, Plaintiff alleges that "[j]urisdiction is predicated upon 28 U.S.C. §1332 (a)(2) as plaintiff is a citizen of another country and has not yet been granted the privilege of remaining permanently in the United States." (*Id.* ¶ 2.) Plaintiff also alleges that: (1) he is "a citizen of Ecuador," (*id.* ¶ 5); (2) Defendant Deuna Holdings LLC is a "limited liability company organized and existing under the laws of the State of Delaware," (*id.* ¶ 6); (3) Defendant XLIX Builders LLC is a "limited liability company organized and existing under the laws of the State of New York," (*id.* ¶ 9.); and (4) Defendant XLIX Construction LLC is a "limited liability company organized and existing under the laws of the State of New York," (*id.* ¶ 13). For purposes of diversity of citizenship under 28 U.S.C. § 1332(a), an LLC "takes the citizenship of each of its members." *Bayerische Landesbank, New York Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012). "[T]he citizenship of every plaintiff must be diverse from the citizenship of every defendant in order to authorize the exercise of diversity jurisdiction by a federal court." *Tecon Oil Servs. Ltd. v. Bayerische Hypo-Und Vereinsbank*, 492 F. Supp. 2d 398, 399 (S.D.N.Y. 2007) (explaining that complete diversity is lacking where non-citizen are on both sides of a case). In other words, "diversity is lacking within the meaning of these sections where

. . . on one side there are citizens and aliens and on the opposite side there are only aliens." *Universal Licensing Corp. v. Paola del Lungo S.p.A.*, 293 F.3d 579, 581 (2d Cir. 2002).

Courts are "entitled at any time *sua sponte* to delve into the issue of whether there is a factual basis to support the District Court's exercise of subject matter jurisdiction." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 108 (2d Cir. 1997). Therefore, on or before July 14, 2026, Plaintiff shall file a brief supplemental submission confirming the citizenship of the members of Defendant LLCs so that I may evaluate whether diversity jurisdiction is proper over this matter.

SO ORDERED.
Dated: July 7, 2026
New York, New York

Vernon Broderick

Vernon S. Broderick
United States District Judge