UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------x

BRYAN ANDRES REINOSO SAQUICILI,

Plaintiff,

-against-

DEUNA HOLDINGS LLC, XLIX BUILDERS LLC, XLIX CONSTRUCTION LLC and 1694 MILLSTONE LLC and DDC BUILDERS LLC,

Defendants.

---------------------------------------------------------------------x

26-CV-05655(VSB)

ANSWER TO AMENDED COMPLAINT

Defendants, DEUNA HOLDINGS LLC, XLIX BUILDERS LLC, XLIX CONSTRUCTION LLC and 1694 MILLSTONE LLC, by their attorneys, REBORE, THORPE & PISARELLO, P.C., as and for their Answer to Plaintiff's Complaint, state:

**<u>AS AND FOR AN ANSWER TO "NATURE OF THE CASE"</u>:**

<u>FIRST</u>: Deny each and every allegation contained in paragraph "1" of the complaint and respectfully refer all questions of law to the court.

**<u>AS AND FOR AN ANSWER TO "JURISDICTION AND VENUE"</u>:**

<u>SECOND</u>: Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "2," "3" and "4" of the complaint.

**<u>AS AND FOR AN ANSWER TO "THE PARTIES"</u>:**

<u>THIRD</u>: Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "5," "21" and "22" of the complaint.

<u>FOURTH</u>: Admit each and every allegation contained in paragraphs "6," "7," "8," "9," "10," "11," "12," "13," "14," "15," "16," "17," "18" and "20" of the complaint.

<u>FIFTH</u>: Deny each and every allegation contained in paragraph "19" of the

complaint.

## AS AND FOR AN ANSWER TO "FACTUAL ALLEGATIONS":

SIXTH: Deny each and every allegation contained in paragraphs "23," "143," "144," "145," "146," "147," "148," "149," 150," "151," "152," "153," "154," "155," "156," "157," "158," "159," "160," "161," "162," "163," "164," "165," "166," "167," "168," "169," "170," "171," "172," "173," "174," "175" and "183" of the complaint and respectfully refer all questions of law to the court.

SEVENTH: Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "24," "25," "28," "29," "30," "31," "32," "42," "43," "44," "45," "46," "56," "57," "58," "59," "60," "66," "68," "69," "109," "127," "135" and "182," of the complaint.

EIGHTH: Admit each and every allegation contained in paragraphs "26," "70," "106," "107," "108" and "110" of the complaint.

NINTH: Deny each and every allegation contained in paragraphs "27," "33," "34," "35," "36," "37," "38," "39," "40," "41," "47," "48," "49," "50," "51," "52," "53," "54," "55," "61," "62," "63," "64," "65," "71," "72," "73," "74," "75," "76," "77," "78," "79," "80," "81," "82," "83," "84," "85," "86," "87," "88," "89," "90," "91," "92," "93," "94," "95," "96," "97," "98," "99," "100," "101," "102," "103," "104," "105," "111, "112," "113," "114," "115," "116," "117," "118," "119," "120," "121," "122," "123," "124," "125," "126," "128," "129," "130," "131," "132," "133," "134," "136," "137," "138," "139," "140" and "142" of the complaint.

TENTH: Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "67" of the complaint except admits that defendant, XLIX BUILDERS LLC, was the general contractor.

ELEVENTH: Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "141" of the complaint except admits that plaintiff was employed by DDC Builders of NY LLC, which was contracted by defendant, XLIX BUILDERS LLC to perform work at the premises.

TWELFTH: Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "176," "177," "178," "179," "180," "181," of the complaint and respectfully refer all questions of law to the court.

**AS AND FOR AN ANSWER TO THE FIRST CAUSE OF ACTION:**

THIRTEENTH: Repeat and reiterate their answer to each and every allegation contained in the preceding paragraphs of the complaint, as if set forth herein at length.

FOURTEENTH: Deny each and every allegation contained in paragraphs "185" and "186" of the complaint and respectfully refer all questions of law to the court.

**AS AND FOR AN ANSWER TO THE SECOND CAUSE OF ACTION:**

FIFTEENTH: Repeat and reiterate their answer to each and every allegation contained in the preceding paragraphs of the complaint, as if set forth herein at length.

SIXTEENTH: Deny each and every allegation contained in paragraphs "188," "189," "190, "192," "194," "195" and "196" of the complaint and respectfully refer all questions of law to the court.

SEVENTEENTH: Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "191" and "193" of the complaint and respectfully refer all questions of law to the court.

**AS AND FOR AN ANSWER TO "DEMAND FOR TRIAL":**

EIGHTEENTH: Admit each and every allegation contained in paragraph "197" of the complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

NINETEENTH: That the accident or occurrence referred to in the plaintiff's complaint and the injuries claimed were caused in whole or in part by the carelessness, contributory negligence or the assumption of risk of the plaintiff and these answering defendants demand that the plaintiff's damages be accordingly diminished or denied.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

TWENTIETH: That these defendants' liability is limited pursuant to Article 16 of the New York Civil Practice Law and Rules.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

TWENTY-FIRST: That if any past or future costs or expenses incurred or to be incurred by the plaintiff which will be replaced or indemnified in whole or in part, from a collateral source as defined in Section 4545 of the New York Civil Practice Law and Rules, including insurance, and if any such damages are recoverable against these answering defendants, such damages shall be diminished by the amount of the funds which plaintiff has received, or shall receive from such collateral source or sources.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

TWENTY-SECOND: That the negligence, fault and culpable conduct of the plaintiff herein caused the incident in which the plaintiff was allegedly injured and/or alleged injuries, if any, resulting therefrom.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

TWENTY-THIRD: That the plaintiff has failed to mitigate and/or reduce their damages and losses, if any, as alleged in the complaint herein.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

TWENTY-FOURTH: That these answering defendants were without notice of any of the purported conditions alleged in the Complaint.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

TWENTY-FIFTH: That these answering defendants did not owe the plaintiff any of the duties alleged in this lawsuit.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

TWENTY-SIXTH: That any damages which may have been sustained by the plaintiff were contributed to in whole or in part by the culpable conduct of third parties not under the control of these answering defendants.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE:**

TWENTY-SEVENTH: That the injuries and damages alleged, all of which are denied by these answering defendants, were caused by the intervening, interceding and superseding acts of third parties not under the control of these answering defendants.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE:**

TWENTY-EIGHTH: That the action against these answering defendants cannot be prosecuted due to the plaintiff's failure to name and likewise prosecute an indispensable party to this litigation.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:**

TWENTY-NINTH: That if the plaintiff sustained damages as alleged, such damages

occurred while the plaintiff was engaged in an activity into which he entered, knowing the hazard, risk and danger of the activity and he assumed the risks incidental to and attending the activity.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:**

THIRTIETH: That plaintiff's action is barred by recalcitrant worker defense.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE:**

THIRTY-FIRST: That these answering defendants are not liable to the plaintiff as the plaintiff's actions were the sole proximate cause of the alleged occurrence.

**AS AND FOR A CROSS-CLAIM AGAINST CO-DEFENDANT, DDC BUILDERS LLC**

THIRTY-SECOND: That if the plaintiff sustained the injuries and damages in the manner and at the time and place set forth in the complaint and if it is found that the answering defendant is liable to the plaintiffs herein, then said damages were sustained in whole or in part by reason of the negligence and/or breach of warranty and/or contract and/or by failing to procure contracted for insurance by the aforesaid co-defendants, and the answering defendant is entitled to contribution, apportionment, common law indemnification and contractual indemnification from and against the said co-defendants for all or part of any verdict or judgment that plaintiffs may recover against the answering defendants, including costs for defending plaintiffs' action.

**WHEREFORE,** defendants, DEUNA HOLDINGS LLC, XLIX BUILDERS LLC, XLIX CONSTRUCTION LLC and 1694 MILLSTONE LLC, demand judgment dismissing the Complaint, and judgment over and against defendant, DDC BUILDERS LLC, together with costs and disbursements of this action.

Dated: September 9, 2026
Farmingdale, New York

By: Timothy J. Dunn, III
REBORE, THORPE & PISARELLO, P.C.
Attorneys for Defendants
DEUNA HOLDINGS LLC, XLIX BUILDERS LLC
XLIX CONSTRUCTION LLC and
1694 MILLSTONE LLC
500 Bi-County Boulevard, Suite 102
Farmingdale, NY 11735
(631) 249-6600

Via ECF to:

RONAI & RONAI, L.L.P..
Attorneys for Plaintiff
34 Adee Street
Port Chester, New York 10573
(914) 824-4777